# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 15, 2005 Session

## JOSEPH B. THOMPSON v. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 05-CR-8706      R. Lee Moore, Jr., Judge**

---

### No. W2005-01463-CCA-R3-HC  - Filed December 22, 2005

---

The petitioner, Joseph B. Thompson, appeals from the circuit court's summary dismissal of his *pro se* petition for writ of habeas corpus. Following our review of the parties' briefs and applicable law, we affirm the circuit court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Joseph B. Thompson, Tiptonville, Tennessee, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

This case represents an appeal from the circuit court's dismissal of the petitioner's *pro se* petition for writ of habeas corpus. In October of 2001, the petitioner was convicted of aggravated robbery and aggravated kidnapping, and he received a total effective sentence of forty years. His convictions and sentences were affirmed on direct appeal, and he was denied post-conviction relief. *See State v. Joseph B. Thompson*, No. E2002-00061-CCA-R3-CD, 2003 WL 1202979 (Tenn. Crim. App., at Knoxville, Mar. 17, 2003), *perm. app. denied* (Tenn. June 30, 2003); *Joseph B. Thompson v. State*, No. E2004-00920-CCA-R3-PC, 2005 WL 2546913 (Tenn. Crim. App., at Knoxville, Oct. 12, 2005). In June 2005, the petitioner filed a *pro se* petition for writ of habeas corpus. The circuit court dismissed the petition, finding no grounds entitling the petitioner to habeas corpus relief.

In his petition and on appeal, the petitioner argues that he is entitled to habeas corpus relief because his sentences, imposed under the Tennessee Sentencing Reform Act of 1989, were unconstitutionally enhanced in violation of his right to a jury trial as set forth in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). While he acknowledges *State v. Gomez*, 163

S.W.3d 632 (Tenn. 2005) as binding authority, he advances this argument in opposition to *Gomez* "to encourage this court to provide some guidance in favor of [his] position or against his position" and to "preserve said issues for [f]ederal review."

Initially, we note that the grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

In the instant case, the petitioner is not entitled to habeas corpus relief. To begin, we have previously and consistently held that even if the petitioner's claim that his sentence was enhanced in violation of his right to a jury trial was true, such a defect would render the judgment voidable and not void. *See, e.g.*, *Wayford Demonbruen, Jr. v. State*, No. M2004-03037-CCA-R3-HC, 2005 WL 1541873 (Tenn. Crim. App., at Nashville, June 30, 2005); *Stanley Harvell v. Glen Turner*, No. W2004-02643-CCA-R3-HC, 2005 WL 839891 (Tenn. Crim. App., at Jackson, Apr. 12, 2005); *Earl David Crawford v. Ricky Bell*, No. M2004-02440-CCA-R3-HC, 2005 WL 354106 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). A defect which renders a judgment merely voidable is not subject to collateral attack via habeas petition. *See Archer*, 851 S.W.2d at 164. In addition, the Tennessee Supreme Court has determined that the *Blakely* decision did not announce a new rule of law or impact the validity of our statutory sentencing structure. *Gomez*, 163 S.W.3d at 658-62. Moreover, our supreme court held that *Blakely* issues are not subject to retroactive application. *Id*. at 651 n.16. Accordingly, the petitioner failed to state a cognizable claim for habeas corpus relief, and the circuit court did not err in summarily dismissing his petition. The judgment of the circuit court is affirmed.

_____
J.C. McLIN, JUDGE